IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WENDY WILLIAMS, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 09-0086-CG-N |
| CITY OF MOBILE, | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

Plaintiff, a Mobile County Metro Jail inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. Her action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that plaintiff's action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

I. Complaint. (Doc. 1).

The complaint form instructs a plaintiff that the defendants to the action are only those persons identified in section III of the form. (Doc. 1 at 1). In plaintiff's complaint section III has only the space for one defendant filled in. (Id. at 7). The information in that area for the name and address of the defendant is jumbled. After reviewing this information the Court concludes that the City of Mobile ("city") is the sole defendant to

this action.[1]

Although the city is the only defendant, a policy or custom of the city is not identified in the complaint's allegations. Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (requiring that a policy or custom be identified when seeking to impose liability against a municipality). A description of plaintiff's allegations follows.

In a less than clear complaint, plaintiff alleges the defendant is responsible for the warrant issued by the Mobile Police Department charging her with forgery, second degree, and identity theft[2] (Doc. 1 at 4), and for the Mobile Police Department's illegal and unreasonable search and seizure, and ruining her name by slandering it and defaming her character inasmuch as she did not commit the crimes with which she was charged. (Id. at 6). Moreover, an assistant with the mayor's office told her that the charges would be dropped in light of the power of attorney. (Id. at 4).

In addition, plaintiff charges that "[t]he Judge and the Mayor's office [are]

---

[1] In arriving at this conclusion the Court considered that the disjointed pieces of information contained therein and that there are references to the Mobile Mayor's Office and the City of Mobile in section III. (Doc. 1 at 7). Then in her narrative plaintiff claims that she spoke with an assistant at the mayor's office about the false warrants and he allegedly told her that they would be dropped, and that the mayor's office is responsible for all of the corruption. (Id. at 4 & 7). It is not clear whether plaintiff intended to name the mayor's office as a defendant due to her muddled allegations. Nonetheless, she did not complete a separate space for another defendant, and the mayor's office is not an entity that is capable of being sued because it is an administrative arm of the city. Wright v. City of Las Vegas, Nev., 395 F.Supp.2d 789, 795 (S.D. Iowa 2005). Thus, the mayor's office is not considered a defendant to this action.

[2] Plaintiff indicates that she was arrested on July 27, 2007 and May 19, 2007. (Id. at 8). Elsewhere in the complaint plaintiff alleges that she was arrested on May 19, 2008 and May 29, 2008. (Id. at 7).

responsible for all of this corruption[] along with the Mobile Police Department[, w]hich is a violation of canon and eth[]ical morals[, a v]iolation of the [l]egislature['s] laws[.]" (Id. at 6). Plaintiff claims that she has been harassed by officers (id. at 6), that there is a conspiracy against her and her family (id. at 4), and that "[t]here were also discrimination and racism by The City of Mobile." (Id. at 6). Defendant is allegedly responsible for the "rage and rally that was cause[d] by ther[i]r[] department." (Id. at 5). Furthermore she maintains that:

> The city of Mobile conspired by aiding in the false arrest, allowing illegal search and seizure, unreasonable search and seizure, scheming, violation of the privacy act corruption, defying the Code of Canon, failing to honor the law themself and or himself defying the Constitution, Amendments, the Bill of Rights, harassment, abuse of power, civil rights violations, defying the law of the Constitution. Also, prosecutorial and judicial misconduct and improper communication.

(Id.).

As a result of the foregoing, it appears plaintiff has been incarcerated at the Mobile County Metro Jail and its barracks. While there she has slept on the floor, steel, concrete, and mats (id. at 4, 6), lost over 84 pounds (id. at 4), was exposed to mold and mildew (id.), was harassed, jumped on, and almost killed by inmates (id. at 5), had her mail stolen (id.), was subject to an unhealthy, unairconditioned environment even though she has asthma, (id. at 6), has not been fed properly in that the meals are mostly starch and fruit is absent (id.), and was incarcerated with people who have AIDS and hepatitis A, B, and C (id. at 7). As a consequence of her incarceration, she has lost $200,000,000 to

3

$400,000,000 (id. at 5 ), her "whole world" (id. at 6), schooling (id.), two vehicles (id.); "[her] skin has change[d] on [her] body (id. at 7); and "[her] shoulders [are] damage[d]" (id. at 7).  For relief, plaintiff "would like for them to pay [her] all of [her] money."  (Id.)

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[3]  Pursuant to § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[3]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Id. at 1348-49.

Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949. However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed2d 652 (1972). The Court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III.  Discussion.

The defendant, City of Mobile, may only be held liable when its custom or policy inflicts a constitutional injury. Monell v. Department of Soc. Servs, 436 U.S. 658, 691,

5

98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). "[M]unicipalities [are] responsible under § 1983 only for the execution of official policies and customs, and not for injuries inflicted solely by employees or agents." City of St. Louis v. Praprotnik, 485 U.S. 112, 125 n.2, 108 S.Ct. 915, 925 n.2, 99 L.Ed.2d 107 (1988). Liability cannot be imposed against a municipality "solely because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691, 98 S.Ct. at 2036. "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipality liability is limited to action for which the municipality is actually responsible." Pembaur v. City of Cincinnati, 475 U.S. 469, 479,106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986).

A municipality's policy or custom must be identified by the plaintiff. Brown, 520 U.S. at 403, 117 S.Ct. at 1388; see McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004) ("[t]his threshold identification of a custom or policy" is required). "Locating a 'policy' [or custom] ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality . . . [or because] the relevant practice is so widespread as to have the force of law." Brown, 520 U.S. at 403-04, 117 S.Ct. at 1388. Furthermore, the plaintiff has the burden to show that " through its

deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. at 404, 117 S.Ct. at 1388.  Thus, "to impose § 1983 liability on a municipality, a plaintiff must show:  (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."  McDowell, 392 F.3d at 1289 (citing City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

Turning to the plaintiff's allegations in this action, a policy or custom has not been identified by plaintiff, and the complaint is void of allegations that can be construed by the Court as a policy or custom.  Rather, the allegations describe actions of the type that an individual would take.  However, plaintiff attributes these acts to the police department and then she seeks to hold defendant liable for the acts of the police department.  For example, plaintiff alleges the defendant "is responsible for the false arrest warrant issued by the Mobile Police Department (Doc. 1 at 4), "is responsible for the rage and rally cause[d] by the[i]r[] department" (id. at 5), and is responsible for the "illegal and unreasonable search and seizure done by the . . . Police Department." (Id. at 6). Accordingly, the Court concludes that plaintiff is seeking to impose vicarious liability against defendant for the acts of employees or subordinates, and not for a policy or custom.  Skop v. City of Atlanta, GA, 485 F.3d 1130, 1145 (11th Cir. 2007) (affirming

the dismissal of the city because plaintiff had no evidence that a custom or policy of the city was the moving force behind her arrest).

It is plaintiff's burden to identify a policy or custom of defendant, which she has not done.  As a consequence, she does not satisfy the other elements for a cause of action against a municipality, that is, she cannot show that the policy or custom existed through the defendant's deliberate indifference and was the moving force behind a constitutional injury sustained by her.  Therefore, plaintiff's complaint lacks plausibility because the Court is unable to draw the conclusion that defendant is liable through a policy or custom for the complained of conduct.  Thus, plaintiff has failed to state a claim upon which relief can be granted.

IV.  Conclusion.

Based upon the foregoing reason, plaintiff's action is due to be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 17th day of November 2009.

> /s/ Katherine P. Nelson
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

UNITED STATES MAGISTRATE JUDGE